IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:24-CR-119-ALM |
| FRANKLIN JACKSON MINA VALENCIA | § § § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on June 11, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Lesley Brooks.

On November 10, 2016, United States District Judge Mary S. Scriven sentenced Defendant to fifty-seven (57) months imprisonment followed by sixty (60) months of supervised release. *See* Dkts. 1-3 at 1–3; 2 at 1. On May 5, 2020, Defendant began serving his term of supervised release. *See* Dkt. 2 at 1.

On December 1, 2021, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision, alleging Defendant violated four conditions of his supervised release. *See* Dkt. 2 at 1; *Valencia v. United States*, 4:24-MJ-348, Dkt. 1 at 1–2. On May 29, 2024, the Probation Officer filed the First Amended Petition for Warrant or Summons for Offender Under Supervision (the "Amended Petition") (Dkt. 2), alleging Defendant violated five conditions of his supervised release. Dkt. 2 at 1–2. The Amended Petition asserts Defendant violated the following

1

conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not illegally possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician; (4) Defendant shall not commit another federal, state, or local crime; and (5) if deported, Defendant shall not re-enter the United States without the express permission of the appropriate governmental authority. *See id.*

> The Amended Petition asserts Defendant violated the foregoing conditions as follows:
>
> (1) On November 15, 2021, Defendant committed the offense of Conspiracy to Possess with the Intent to Distribute 5 Kilograms or more of Cocaine Onboard a Vessel Subject to the Jurisdiction of the United States. After pleading guilty, he was subsequently sentenced to 103 months imprisonment followed by a 5-year term of supervised release in the Eastern District of Texas under the following case number: 4:21-CR-304.
>
> According to Count 3 of the indictment, Defendant did knowingly and intentionally combine, conspire, confederate, and agree with other Co-Defendants, and with other persons known and unknown to the Grand Jury, to commit an offense defined in 46 U.S.C. § 70503; that is, to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, onboard a vessel subject to the jurisdiction of the United States, as defined in 46 U.S.C. § 70502(c)(1)(A). All in violation of 46 U.S.C. §§ 70503(a)(1), 70506(b).
>
> (2)–(3) Defendant possessed cocaine as evidenced by his conviction identified above.
>
> (4)–(5) On November 15, 2021, in the Eastern District of Texas, Defendant entered and was found in the United Staes after being deported to Ecuador on July 10, 2020.

On June 11, 2024, the Court conducted a final revocation hearing on the Amended Petition. *See* Minute Entry for June 11, 2024. Defendant entered a plea of true to allegations one through three, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 11. The Government

moved to withdraw allegations four and five, which the Court granted. *See* Minute Entry for June 11, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the June 11, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for twenty-four (24) months, to run consecutively to any other term of imprisonment, with no term of supervised release to follow. The Court further recommends that Defendant be placed at FCI Coleman in Sumterville, Florida, if appropriate.

**So ORDERED and SIGNED this 12th day of June, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE